FORTUNATO v. DI FLIPPO.

JUDGMENT—CONSENT DECREE—ACCOUNTING.

> Where, in suit for accounting between partners, decree was entered by consent of counsel and parties in open court, it is immaterial that it may not have had full evidentiary support, and therefore bill to set it aside was properly dismissed.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted October 6, 1931. (Docket No. 19, Calendar No. 33,985.) Decided January 4, 1932. Rehearing denied March 3, 1932.

Bill by Louis Fortunato against Dominico Di Flippo and another to set aside a consent decree in a suit to dissolve a partnership and for an accounting. Bill dismissed. Plaintiff appeals. Affirmed.

*Ira J. Pettiford,* for plaintiff.

*Anthony Maiullo,* for defendants.

CLARK, C. J. Di Flippo and Fortunato entered into a copartnership to erect buildings. Di Flippo filed bill for dissolution and accounting. There was reference to circuit court commissioner for accounting. The cause came on for hearing in the circuit court in May, 1924. Both parties were represented by counsel and were in court. In the course of the trial a consent decree was agreed upon by parties and counsel in open court by continued and open discussion. Part of the understanding was that Fortunato would take certain real estate at an agreed price of $5,500. A decree was entered on November 11, 1924. It is in substance that Fortunato was to have the real estate and pay Di Flippo $4,529.37. It

also provides that if Fortunato shall fail to pay and to take deed, the real estate be sold and proceeds divided between the partners in certain named amounts.

Motion for rehearing was made later and denied. No appeal was taken. The property was sold by circuit court commissioner, and, after report and confirmation, the proceeds were distributed under the decree.

Fortunato filed this bill in 1928 to set aside the decree as "not being the result of a judicial determination," and as being fraudulent, and to set aside sale and deed pursuant thereto and subsequent conveyances. The bill quotes at length the testimony, colloquy, or argument leading up to the consent decree.

On motion the bill was dismissed. Plaintiff has appealed.

Passing the question of laches, of former adjudication, of estoppel by acceptance of distributive share under the decree, we think the bill properly dismissed. It shows no equity on its face. Having been made by consent of counsel and parties in open court, it is immaterial that it may not have full evidentiary support.

Affirmed, with costs to appellee.

MCDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.